IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| THONG YANG ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| GEICO CHOICE INSURANCE ) | |
| COMPANY ) | |
| ) | |
| Defendant. ) | |
| ) Case No. 3AN-20-_____CI | |

## COMPLAINT

NOW COMES the Plaintiff, Thong Yang, by and through his undersigned attorneys, Crowson Law Group, and sues GEICO Choice Insurance Company, Defendant, and alleges as follows:

1. Plaintiff, for all times mentioned herein, was and is a resident of Anchorage, Alaska.

2. At all times herein mentioned, Defendant GEICO Insurance Company, was an insurer licensed and authorized to do business in Alaska.

3. The accident described below occurred in the Anchorage Borough, and, as a result, venue properly lies with this honorable Court.

4. Jurisdiction properly lies with this honorable Court.

5. That on or about December 23, 2018, at approximately 5:19 p.m. Plaintiff was driving westbound on Dowling Road towards Raspberry.

*Yang v. Geico*
Complaint
Page 1 of 6

CROWSON
LAW GROUP

637 A STREET
ANCHORAGE, ALASKA
99501
907-677-9393

51 E. PALMER-WASILLA HWY.
SUITE #220
WASILLA, ALASKA
99654

6. That on or about December 23, 2018, at approximately 5:19 p.m. Tyler J. Resner was driving a 1990 Honda, Alaska license plate number CHB837 westbound on on Dowling Road towards Raspberry.

7. That on or about December 23, 2018, at approximately 5:19 p.m. Tyler J. Resner attempted to change lanes and collided with Plaintiffs' vehicle.

8. That on the occasion in question, Tyler J. Resner was negligent in the following particulars, among others, to-wit:
   a. Failure to keep his vehicle under control;
   b. Failure to give full time and attention;
   c. Failure to keep a proper lookout;
   d. Failure to yield to avoid collision;
   e. Unreasonable operation of a vehicle under conditions existing;
   f. Negligent driving;

9. That the collision hereinabove stated was due to the sole negligence of Tyler J. Resner, without any comparative negligence whatsoever by the Plaintiff.

10. As a direct and proximate result of the collision described above, Plaintiff was caused to sustain severe and permanent injury; caused to incur medical bills, lost wages and expenses; and was caused to endure pain and suffering. Furthermore, Plaintiff was and is precluded from enjoying his usual avocations.

11. The injuries, grievances and damages as hereinabove set forth, were caused by the carelessness, negligence, and recklessness of Tyler J. Resner as stated herein, without any carelessness or negligence on the part of the Plaintiff contributing thereto.

12. That as a further direct and proximate result of the negligence of Tyler J. Resner, Plaintiff has been forced to expend large sums of money for hospitalization, medical

CROWSON
LAW GROUP

637 A STREET
ANCHORAGE, ALASKA
99501
907-677-9393

31 E. PALMER-WASILLA HWY.
SUITE #220
WASILLA, ALASKA
99654

*Yang v. Geico*
Complaint
Page 2 of 6

exams, nurses, medical treatment and for medicine for the treatment of the aforesaid injuries from the following health care providers: Anchorage Neurosurgical Associates, Municipality of Anchorage, Providence Imaging Center, Providence Rehabilitation Services, Anchorage Spinal Care, Providence Family Medicine Center, Studio Health of Alaska, Alaska Emergency Medicine Associates, Alaska Radiology Associates, Providence Alaska Medical Center.

13. The treatment rendered to Plaintiff by the health care providers identified in Paragraph 12 was necessary to treat Plaintiff's injuries suffered in the collision described above.

13. The charges for the treatment rendered to Plaintiff by the health care providers identified in Paragraph 12 were reasonable.

14. Plaintiff continues to suffer from the injuries sustained in the above-described accident and are still in need of medical care.

15. The vehicle operated on the date and time of the litigated collision by Tyler J. Resner was not insured.

16. Defendant GEICO Choice Insurance Company underwrote an insurance policy for the vehicle driven by Plaintiff at the time of the litigated collision, policy number 4315615890 ("the GEICO policy").

17. The GEICO policy provided, in part, that an "insured" under the policy would be covered under the policy's "underinsured motorist" provisions.

18. Plaintiff is an "insured" under the terms of the GEICO policy.

19. The GEICO policy provided that an "insured" would be entitled to benefits under the UIM portion of the policy if there were not adequate limits available

CROWSON
LAW GROUP

637 A STREET
ANCHORAGE, ALASKA
99501

907-677-9393

31 E. PALMER-WASILLA HWY.
SUITE #220
WASILLA, ALASKA
99654

under a liability policy to compensate the "insured" for damages suffered in a motor vehicle accident.

20. On or about February 27, 2019 and thereafter, plaintiff sent a complete set of medical bills, medical records and lost wages to GEICO Choice Insurance Company that detailed plaintiffs' extreme physical suffering and mental anguish that resulted from the above-referenced collision.

21. Defendant GEICO Choice Insurance Company assigned an uninsured motorist adjuster to conduct a complete review of Plaintiffs' claims.

22. Defendant GEICO Choice Insurance Company had ample time to conduct a detailed review of all of Plaintiff's proofs provided, and to formulate an appropriate offer to compensate under the UIM portion of the above referenced GEICO policy.

23. On December 12, 2019 defendant GEICO Choice Insurance Company notified Plaintiff's counsel of its position. GEICO Choice Insurance Company offered $8,717.20 to resolve Plaintiff's claim. This amount is insufficient to make Plaintiff whole and GEICO Insurance Company's position is unreasonable.

## COUNT I: INDEMNITY

Plaintiff incorporates herein by reference paragraphs 1 through 23, as if fully set forth herein:

24. The GEICO policy's UIM provisions promise to indemnify an "insured" for personal injury losses resulting from an automobile accident with a driver whose insurance coverage is inadequate to indemnify the "insured" or who has no valid insurance at the time of an accident.

25. Defendant GEICO Choice Insurance Company has failed to comply with this provision of the GEICO policy.

CROWSON
LAW GROUP

637 A STREET
ANCHORAGE, ALASKA
99501
907-677-9393

31 E. PALMER-WASILLA HWY.
SUITE #220
WASILLA, ALASKA
99654

*Yang v. Geico*
Complaint
Page 4 of 6

26. Plaintiff has suffered losses in the form of medical bills and general damages as a result of GEICO Choice Insurance Company's failure to adhere to the policy language referenced above.

## COUNT II: BREACH OF CONTRACT

Plaintiff incorporates herein by reference paragraphs 1 through 26, as if fully set forth herein:

27. Plaintiff has complied with his obligations under the GEICO policy and is entitled to performance by GEICO Choice Insurance Company.

28. Defendant GEICO Choice Insurance Company has failed to fulfill its obligations under the terms of the GEICO policy in that it failed to adequately indemnify Plaintiff for his losses suffered as a consequence of the underlying automobile accident.

## COUNT III: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff incorporates herein by reference paragraphs 1 through 34, as if fully set forth herein:

29. The GEICO policy contract includes an implied promise of good faith and fair dealing. This means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract.

30. Defendant GEICO Choice Insurance Company unfairly interfered with Plaintiff's rights to receive the benefits of the contract; Plaintiff was and is harmed by this conduct by defendant GEICO Choice Insurance Company.

CROWSON
LAW GROUP

637 A STREET
ANCHORAGE, ALASKA
99501

907-677-9393

]1 E. PALMER-WASILLA HWY,
SUITE #220
WASILLA, ALASKA
99654

*Yang v. Geico*
Complaint
Page 5 of 6

WHEREFORE, Plaintiff prays judgment against Defendant, as follows:

1. For general damages.

2. For all medical and incidental expenses according to proof.

3. For all lost wages according to proof.

4. For indemnification for all losses incurred by Plaintiff as a result of the underlying collision.

5. For punitive or exemplary damages due to Defendant's breach of the implied covenant of good faith and fair dealing.

5. For costs of suit herein incurred.

6. For such other and further relief as the court may deem proper.

7. That this case be tried by jury.

Respectfully submitted on this the __15th__ day of January 2020.

CROWSON LAW GROUP
*Attorney for Plaintiff*

By: _____
Timothy Twomey, Esq.
ABA #0505033
tim@crowsonlaw.com

CROWSON
LAW GROUP

637 A STREET
ANCHORAGE, ALASKA
99501

907-677-9393

11 E. PALMER-WASILLA HWY.
SUITE #220
WASILLA, ALASKA
99654

*Yang v. Geico*
Complaint
Page 6 of 6